IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

LOLITA J. ARNOLD,

    Plaintiff,

vs.                                  No. 18-2261-SHM-dkv

GREGORY BILLINS, Principal (in his
official and individual capacity);
MICHAEL HOOTS, Teacher (in his
official and individual capacity);
WILLIAM "BILL" OLDHAM, Sheriff (in
his official and individual capacity);
IBRAHAM ABDUL, Deputy (school security
officer, sheriff's department)(in his
official and individual capacity);
BOARD OF EDUCATION OF THE COUNTY OF
SHELBY COUNTY SCHOOLS;
DORSEY E. HOPSON, II, Superintendent
(in his official and individual capacity),

    Defendants.
_____

ORDER GRANTING MOTION FOR LEAVE TO APPEAR *IN FORMA PAUPERIS*
and
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On April 17, 2018, the plaintiff, Lolita J. Arnold ("Arnold"), filed a *pro se* complaint against the above-listed defendants (collectively "the Defendants") in the United States District Court for the Western District of Tennessee. (ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29,

2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) The information set forth in the affidavit submitted by Arnold satisfies her burden of demonstrating that she is unable to pay the civil filing fee. *See* 28 U.S.C. §§ 1915(a), 1746. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

## I. PROPOSED FINDINGS OF FACT

In her complaint, Arnold alleges sexual harassment and/or an inappropriate relationship by an employee of Shelby County Schools with her child, who was a minor at the time, in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C.A. §§ 1681 *et seq.* ("Title IX"). (Compl. 1, ECF No. 1.) Arnold does not allege in her complaint that she was personally denied rights under Title IX, but instead is making claims on behalf of her child. (*Id.*) Arnold further alleges fraudulent concealment by the Shelby County Board of Education ("School Board"), by way of failure to act, after they were put on notice of the incident on or about April, 17, 2017. (*Id.* ¶¶ 11-13.) Arnold alleges that she was assured by the School Board that an investigation would take place but that no investigation was conducted. (*Id.* ¶ 12.) The complaint was accompanied by a declaration from Earnest Lee Hayes, who claims to have witnessed the sexual encounter between the minor child and the

employee of Shelby County Schools. (Decl. 2, ECF No. 1-1.) Arnold seeks compensatory damages, punitive damages, and costs, and alleges that she "sue[s] the Defendants, for the sum of five (5) Million Dollars ($5,000,000.00) or greater and for any additional amount that truth and justice demands." (Compl. 7, ECF No. 1.) In addition, Arnold requests a preliminary injunction to prevent Defendants from disposing of assets and destroying evidence. (*Id.* 5-6.)

## II.   PROPOSED CONCLUSIONS OF LAW

A.   <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.   Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678).  The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief.  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").  "But where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While

5

courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Standing</u>

Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007).

Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only on his own claims. Only a licensed attorney may represent other persons. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969); *accord Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003)(*pro se* party may not prosecute a wrongful death action on behalf of other beneficiaries). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876

(9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989). "Similarly, parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970; *see Chochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994)("Because Virgil Cochran is not an attorney, he may not represent his son in federal court.").[1]  The Sixth Circuit considers this issue one of lack of standing. *Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992).

Here, Arnold does not allege any facts indicating any of her personal rights were violated; thus she is attempting to bring a claim on behalf of her child. She does not claim to be an attorney. As a non-attorney, she may appear *pro se* on her own behalf, but she cannot appear as an attorney for her child. *Shepherd*, 313 F.3d at 970. In addition, although Arnold's child was a minor when the alleged events

---

[1] A *pro se* parent of a disabled child may bring a claim on her own behalf under certain statutes, such as the Individuals with Disabilities Education Act ("IDEA") because parents have "independent, enforceable rights under IDEA []." *Winkleman ex rel. Winkleman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Although unclear, it appears from Arnold's complaint that all claims stated are on behalf of her child and not on her own behalf. Moreover, parents of children who have reached the age of majority lack standing to assert a Title IX claim. *Doe v. Univ. of the S.*, 687 F. Supp. 2d 744, 759 (E.D. Tenn. 2009)(citing *Phillips v. Anderson Cty. Bd. of Educ.*, 259 F. App'x 842, 843 n.1 (6th Cir. 2008)).

occurred, Arnold states in her complaint that the child's birthdate is September 25, 1998. (Compl. ¶ 9, ECF No. 1.) The child was nineteen years old at the time the complaint was filed, and under Tennessee law, competent to bring suit on her own behalf. Tenn. Code Ann. § 1-3-113(a); *see also Bender v. Metro. Nashville Bd. of Educ.*, No. 13-0470, 2013 WL 3777197, at *3 (M.D. Tenn. July 18, 2013).[2] Thus, Arnold lacks standing to bring this lawsuit, and it is therefore recommended that this complaint be dismissed for failure to state a claim.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Arnold's complaint be dismissed *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(ii).

Respectfully submitted this the 25th day of May, 2018.

s/Diane K. Vescovo_____
DIANE K. VESCOVO
CHIEF U.S. MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute

---

[2] State law is used to determine the age of majority. Fed. R. Civ. P. 17(b); *Maroni v. Pemi-Baker Reg'l Sch. Dist.*, 346 F.3d 247, 248 n.2 (1st Cir.2003).

a waiver of objections, exceptions, and further appeal.

Case 2:18-cv-02261-SHM-dkv    Document 7    Filed 05/25/18    Page 9 of 9    PageID 25