IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LOLITA J. ARNOLD,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>GREGORY BILLINS, PRINCIPAL,  )<br>in his official and  )<br>individual capacity; MICHAEL  )<br>HOOTS, TEACHER, in his  )<br>official and individual  )<br>capacity; WILLIAM "BILL"  )<br>OLDHAM, SHERIFF, in his  )<br>official and individual  )<br>capacity; IBRAHAM ABDUL,  )<br>DEPUTY SCHOOL SECURITY  )<br>OFFICER, SHERIFF'S  )<br>DEPARTMENT, in his official  )<br>and individual capacity;  )<br>BOARD OF EDUCATION OF THE  )<br>COUNTY OF SHELBY COUNTY  )<br>SCHOOLS; DORSEY E. HOPSON,  )<br>II, SUPERINTENDENT, in his  )<br>official and individual  )<br>capacity,  )<br>)<br>Defendants.  )<br>) | No. 18-cv-2261-SHM-dkv |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), dated May 25, 2018. (ECF No. 7.) The Report recommends *sua sponte* dismissal of Plaintiff Lolita J. Arnold's complaint under 28 U.S.C. § 1915. (Id. at

24.)[1]  Arnold has not filed an objection, and the deadline to do so has passed.  For the following reasons, the Report is ADOPTED, and Arnold's complaint is DISMISSED.

On April 17 2018, Arnold filed a *pro se* complaint against Defendants Gregory Billins, Principal; Michael Hoots, Teacher; William "Bill" Oldham, Sheriff; Ibraham Abdul, Deputy (school security officer, sheriff's department); Board Of Education of the County of Shelby County Schools; and Dorsey E. Hopson, II, Superintendent.  (Compl., ECF No. 1.)  The complaint alleges that Plaintiff's minor child was "sexual harass[ed] and/or [had] an inappropriate relationship from an authority figure who[] was an employee of the Shelby County Schools System at . . . the time of the alleged incident and is now an employee of the Shelby County Schools System."  (Id. at 1.)  Arnold seeks to bring claims on behalf of her minor child under Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681, et seq. ("Title IX") and "Tennessee Personal Tort of Tennessee Code Annotated § 28-3-104."[2]  (Id. ¶¶ 2, 5.)

The complaint also alleges fraudulent concealment by the Shelby County Board of Education ("School Board"), by way of failure to act, after the School Board was put on notice of the

---

[1] Unless otherwise noted, all record citations refer to the PageID number.
[2] Tenn. Code Ann. § 28-3-104 establishes the statute of limitations for tort actions in Tennessee.  The Court construes the complaint to allege an intentional tort claim.

2

incident on or about April, 17, 2017, and after the School Board informed Arnold it would conduct an investigation. (Id. ¶¶ 11-13.) A declaration by Earnest Lee Hayes is attached to the complaint.[3] (ECF No. 1-1.) Hayes claims to have witnessed a sexual encounter between the minor child and an unnamed Shelby County Schools employee. (Id.) The complaint seeks compensatory and punitive damages in the amount of $5,000,000, and the costs of the action. (Compl., ECF No. 1.) It also seeks a preliminary injunction to prevent Defendants from disposing of assets and destroying evidence. (Id. 5-6.)

On May 25, 2018, United States Magistrate Judge Diane K. Vescovo entered the Report. (ECF No. 7.) It recommends that the Court *sua sponte* dismiss Arnold's complaint under 28 U.S.C. § 1915 for lack of standing. (Id. at 24.) The Report explains that:

> No pro se plaintiff may sign pleadings on behalf of another plaintiff. Johns v. Cty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir. 1989). "Similarly, parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." [Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2003)]; see Chochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because Virgil

---

[3] The declaration does not state the title or position, if any, that Hayes has. (See ECF No. 1-1.)

3

> Cochran is not an attorney, he may not represent his son in federal court."). The Sixth Circuit considers this issue one of lack of standing. <u>Oliver v. Pogats</u>, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992).
>
> Here, Arnold does not allege any facts indicating any of her personal rights were violated; thus she is attempting to bring a claim on behalf of her child. She does not claim to be an attorney. As a non-attorney, she may appear pro se on her own behalf, but she cannot appear as an attorney for her child. <u>Shepherd</u>, 313 F.3d at 970. In addition, although Arnold's child was a minor when the alleged events occurred, Arnold states in her complaint that the child's birthdate is September 25, 1998. (Compl. ¶ 9, ECF No. 1.) The child was nineteen years old at the time the complaint was filed, and under Tennessee law, competent to bring suit on her own behalf. Tenn. Code Ann. § 1-3-113(a); <u>see also</u> <u>Bender v. Metro. Nashville Bd. of Educ.</u>, No. 13-0470, 2013 WL 3777197, at *3 (M.D. Tenn. July 18, 2013). Thus, Arnold lacks standing to bring this lawsuit, and it is therefore recommended that this complaint be dismissed for failure to state a claim.

(<u>Id.</u> at 23-24 (internal footnotes omitted).)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. <u>See</u> <u>United States v. Curtis</u>, 237 F.3d 598, 602 (6th Cir. 2001) (citing <u>Gomez v. United States</u>, 490 U.S. 858, 869-70 (1989)); <u>see also</u> <u>Baker v. Peterson</u>, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." <u>See</u> Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is

4

free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

Arnold has not objected to the Report. Adoption of the Report is warranted. See Arn, 474 U.S. at 150-51.

For the foregoing reasons, the Report is ADOPTED, and Arnold's complaint is DISMISSED.

So ordered this 19th day of June, 2018.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE